7243

## STATE v. HUNT.

CONTINUANCE—EXCEPTION.—Where the record does not disclose there was a motion for continuance on ground that defendant was at time of trial in the military service of the United States, exception alleging error in not granting continuance asked on that ground will not be considered although the record shows that he was in such service at the time.

Before GARY, J., Richland, June, 1908.    Affirmed.

Indictment against Glenn Hunt. From judgment on Circuit, defendant appeals.

*Mr. Pringle T. Youmans,* for appellant, cites: *Application should be made to military authorities for person of soldier:* 59 Art. War; 2 Win. Mil. L., 1076, 1077, 1079.

*Solicitor W. Hampton Cobb,* contra.    Oral argument.

July 17, 1909.    The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was indicted for violation of the dispensary law. The jury rendered a verdict of guilty, whereupon his Honor, the presiding Judge, imposed sentence upon him, and he appealed.

The appellant abandoned all his exceptions, except the third, which is as follows: "That his Honor abused his discretion in not continuing the case, for the reason that the defendant was in the military service of the United States, on special detail, by command of his superior officers."

The following statement appears in the record: "It is agreed that the defendant was a duly enlisted member of the Second Regiment Infantry, N. G. S. C., and when the case was tried was on duty with his regiment, at Charleston, S. C."

13—83

But it nowhere appears in the record that there was a motion for a continuance on that ground.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.